## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ERIKA LOPEZ, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | **Cause No. 3:12-cv-04604-BK** |
| KIM C. YOUNG *also known as* YOUNG CHAE KIM *also known as* HYUN CHAE KIM *doing business as* WASH & PRESS COIN LAUNDRY *also known as* WASH N PRESS Defendant. | §<br>§<br>§<br>§<br>§<br>§ | |

---

### PLAINTIFF'S MOTION IN LIMINE

---

Before the voir dire examination of the jury panel, Plaintiff Erika Lopez ("Plaintiff"), makes this motion in limine.  Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant Kim C. Young a/k/a Young Chae Kim a/k/a Hyun Chae Kim d/b/a Wash & Press Coin Laundry a/k/a Wash N Press ("Defendant"), injects these matters in this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff's case, which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff makes this motion in limine.

### A.  Grounds

Plaintiff asks the Court to prohibit Defendant from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

#### 1.   References to attorneys' fees and costs and liquidated damages:

Any reference to attorney fees, costs and/or liquidated damages pursuant to 29 U.S.C. § 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter.  Referencing attorneys' fees, costs or liquidated damages has absolutely no probative value and can only possibly be used to unfairly prejudice the jury. As such, any reference to attorney fees, costs or liquidated damages at trial should be excluded.  Moreover, liquidated damages, fees and costs are determined by the Court post-trial and the jury has no need to hear about them.

#### 2.   References to Plaintiff's Immigration Status:

The Plaintiff moves to preclude all references at trial to the Plaintiff's immigration status. Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial.  Such is also not discoverable.  *See*, In re Margarito Reyes, et al., 814 F.2d 168, 169 (5th Cir. 1987) ("[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant. An employee is "any individual employed by an employer." FLSA, 29 U.S.C. § 203(e).") (denying discovery on writ of mandamus).

**3.   References to Plaintiff's Income Taxes:**

Defendant may attempt to prejudice the jury by questioning the Plaintiff regarding income tax filing issues.  Such is irrelevant to this wage and hour matter, and whether Plaintiff filed income taxes has no connection with the issues to be decided by the jury in this suit and the Plaintiff's right to minimum and overtime wages under the law.  *See*, O2 Micro International Ltd.  v. Beyond Innovation Tech. Co., Ltd., and FSP Technology, Inc. (formerly known as Spi Electronic Co., Ltd.), FSP Group, and Lien Chang Electronic Enterprise Co., Ltd., 2011 U.S. App. LEXIS 23125 (Fed. Cir. November 18, 2011) (*Unpublished Opinion*) (upholding sanctions order  issued by Magistrate Judge Charles Everingham, IV, E.D. Tex., for attorney's violation of *in limine* order preventing defendant from offering evidence relating to taxation, by asking questions related to tax avoidance during *voir dire*).

**4.        References to Defendant's Current Financial Condition:**

The Plaintiff moves to preclude all references to the current financial status of the Defendant as any reference is irrelevant, can only confuse the jury, and should be excluded under Rule 403 of the Federal Rules of Evidence as the probative value, which is none, is substantially outweighed by the danger of unfair prejudice.  *See* Kinetic Concepts, Inc. v. Bluesky Medical Corp., 2006 WL 6505348 at *5 (W.D. Tex. 2006) (granting Plaintiffs' Motion in Limine to bar any "statement, reference to or evidence of Defendants' financial condition or adversity, … if such statement or reference appeals to sympathy or bias."); Mack Boring & Parts Co. v. Novis Marine, Ltd., 2008 WL 5136955 at *2 (D. N.J. 2008) ("With respect to the FLSA claim, Defendants' financial ability to settle this action or satisfy a judgment is not relevant to the issue of whether Defendants improperly failed to pay Plaintiffs for overtime hours." (citing Lane v. Capital Acquisitions, 242 F.R.D. 667 (S.D. Fla. 2005)); Beron v. Alvarez, 2011 WL 5358688 at

*1 (M.D. Fla. 2011) (… Defendant is prohibited from mentioning to the jury that he is appearing pro se because he is unable to afford an attorney.  Such a comment would not be relevant and could possibly lead the jurors to reach a verdict based upon sympathy for Defendant due to his financial status.").

**5.      References to Affirmative Defenses or Exemptions not Pled:**

The Plaintiff moves to preclude all references to any affirmative defenses or exemptions from the FLSA that Defendant has not pled sufficiently to be raised as an affirmative defense by Defendant. Consequently any such defenses are waived and any reference to an affirmative defense or exemption that has not been properly pled is irrelevant and can only confuse the jury, and is therefore prejudicial to Plaintiff.  *See* Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (stating an affirmative defense must be pleaded with "specificity and factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.").

## B. Conclusion

For these reasons, Plaintiff asks the Court to instruct Defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

By:    /s/ Joshua A. Petersen
          J.H. Zidell
          State Bar No. 24071840
          Email: zabogado@aol.com
          Robert L. Manteuffel
          State Bar No. 12957529
          Email: rlmanteuffel@sbcglobal.net
          Joshua A. Petersen
          State Bar No. 24085524
          Email: josh.a.petersen@gmail.com

          **J.H. ZIDELL, P.C.**
          6310 LBJ Freeway, Ste. 112
          Dallas, Texas 75240
          Tel:    972-233-2264
          Fax:    972-386-7610

          **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Jason Choe, Counsel for Defendants, via e-mail on August 24, 2015, regarding the foregoing motion and agreement has not been reached. Therefore, this Motion is presented to the Court for determination.

          /s/ Robert L. Manteuffel
          Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 24th day of August, 2015.

          /s/ Joshua A. Petersen
          Joshua A. Petersen