**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIKA LOPEZ, and all others similarly** | § | |
| **situated under 29 U.S.C. 216 (b),** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Cause No. 3:12-cv-04604-BK** |
| **v.** | § | |
| | § | |
| **KIM C. YOUNG** *also known as* | § | |
| **YOUNG CHAE KIM** *also known as* | § | |
| **HYUN CHAE KIM** *doing business as* | § | |
| **WASH & PRESS COIN LAUNDRY** | § | |
| *also known as* **WASH N PRESS** | § | |
| **Defendant.** | § | |

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND INTERROGATORIES**

---

**COURT'S INSTRUCTIONS TO THE JURY**

**INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict

or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other.  The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the plaintiff will present [his/his/its] case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present [his/his/its] case.  The plaintiff may then present rebuttal evidence. After all the evidence is introduced, [I will instruct you on  the law that applies to this case. The lawyers will then make closing arguments.][I will instruct you on the law that applies to this case. The lawyers will then make  closing arguments.]  **Closing arguments are not evidence, but  rather  the  attorneys'  interpretations of what the evidence has shown  or  not  shown.  Finally,  you  will  go  into  the  jury  room  to  deliberate  to reach a verdict.**

5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 1.2

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 2

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 2.1

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

# INSTRUCTION NO. 3

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.]  [You have heard the closing arguments of the attorneys.]  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving

dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or his independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical

division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

5th Circuit Pattern Jury Instruction (Civil Cases) 2006, 3.1

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 4

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the writ- ten questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 3.7

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

**INSTRUCTION NO. 5**

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 2.16

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 6

## FAIR LABOR STANDARDS ACT (29 U.S.C. SEC. 216)

Plaintiff Lopez claims that Defendant did not pay Plaintiff Lopez the minimum wage and overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant denies Plaintiff Lopez's claims and contends [specify contentions].

It is unlawful for an employer to require an employee covered by the FLSA to work for less than minimum wage or more than 40 hours in a workweek without paying overtime.

To succeed on her claim, Plaintiff Lopez must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Lopez was an employee of the Defendant during the relevant period;

2. Plaintiff Lopez was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for the years during which the overtime allegedly accrued; and

3. Defendant failed to pay Plaintiff Lopez the minimum wage or overtime pay required by law.

Plaintiff Lopez must prove by a preponderance of the evidence that she was an employee engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce.

The term "commerce" has a very broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state. Plaintiff Lopez was engaged in the "production of goods" if she was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods. An "enterprise engaged in commerce or the production of goods for commerce" means a business or businesses under unified operation or common control that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.00.

The minimum wage during the period of time involved in this case was $6.55 per hour before July 24, 2009 and $7.25 per hour from July 24, 2009 on.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the

employer must pay the employee the overtime rate of 1.5 times the regular rate for the time [he/she] worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

An employee's regular rate, or the minimum wage, whichever is higher, is the basis for calculating any overtime pay due the employee.

The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours.  If the regular rate is more than the minimum wage, the overtime rate is one and one-half times the regular rate.  If the regular rate is less than the minimum wage, the overtime rate is one and one-half times the minimum wage rate.

To calculate how much overtime pay Plaintiff Lopez earned in a particular week, multiply either her regular rate of pay or the minimum wage, whichever is higher, by one-and-one-half times the applicable rate for all hours worked over 40 in that week.

If, after considering all of the evidence, you find that the plaintiff has failed to prove one or more of the elements of her claim, your verdict must be for the defendants.

In its defense, the defendant claims that even if you should find that the plaintiff has proved all the necessary elements of his/her claim, the minimum wage law [the overtime pay law] does not apply because the defendant is exempt from those requirements.

The exemption claimed by the defendant is [*insert applicable exemption*].

To receive the benefit of this exemption, the defendant must prove by a preponderance of the evidence [*list or describe essential elements of the claimed exemption*].

Even if the plaintiff has proven the elements of her claim, you must return a verdict for the defendants if the defendants prove by a preponderance of the evidence that they are exempt from the overtime pay law.

If, however, you find that the plaintiff has proved by a preponderance of the evidence all of the elements of her claim, and that the defendant has failed to establish its claim of exemption from the minimum wage law [or, the overtime pay law], then your verdict must be for the plaintiff and you must determine the damages that the plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

Defendant's failure to pay overtime was willful if Plaintiff proves that Defendant knew that his conduct was prohibited by the law regarding overtime pay, or showed reckless disregard for whether his conduct was prohibited by the law regarding overtime pay.

5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 11.24 (modified); <u>Singer v. City of Waco, Tex.</u>, 324 F.3d 813, 821 (5th Cir. 2003).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 7

## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

It is the employer's responsibility of keeping records of hours worked by employees under the FAIR LABOR STANDARD ACT. "When the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate. [emphasis added]."

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); *see also* 5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 11.24 (for cases involving issues of inadequate records of hours worked).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 8

## SPECIFIC RECORD KEEPING REQUIREMENTS

Employers are required by law to keep the following time records regarding their employees:

(1)Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed

(5) Time of day and day of week on which the employee's workweek begins If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to law, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

Authority: 29 CFR 516.2

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 9

## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the F.L.S.A. if it is in furtherance of the employer's business objectives.  "When this time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

 Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134 (1944)

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 10

## "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123, 321 U.S. 590 (1944); *see also* 5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 11.24(A)(2)(c) at p. 263 (citing Von Friewalde v. Boeing Aero. Operations, Inc., 339 Fed. Appx. 448, 453 n.3 (5th Cir. 2009) (quoting IBP, Inc. v. Alvarez, 546 U.S. 21, 25 (2006))).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 11

## EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under the FLSA.

29 U.S.C. 203 (e)(1).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

**INSTRUCTION NO. 12**

**"COMPENSABLE TIME" INCLUSIVE**

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134 (1944).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 13

## INDIRECT EMPLOYER DEFINED

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.

29 U.S.C. § 203(d)

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 14

### "EMPLOYER" DEFINED BROADLY UNDER THE FLSA

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.

Falk v. Brennan, 414 U.S. 190 (1973)
McLaughlin v. Seafood, Inc., 867 F.2d 875 (5th Cir. 1989)
Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991)

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 15

## JOINT ENTERPRISE UNDER THE FAIR LABOR STANDARDS ACT

To establish that two or more entities were a single enterprise, the Plaintiff must establish that the entities:

1)  Engaged in related activities;
2)  Were a unified operation or under common control; and
3)  Shared a common business purpose.

To determine whether the activities are related, you must consider whether they serve a business purpose common to all the activities of the enterprise, or whether they serve a separate and unrelated business.

"Unified operation" means combining, uniting, or organizing performance of operations so that they are in effect a single business unit or an organized business system which is an economic unit direct to the accomplishment of a common business purpose.  "Common control" exists where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together.

"Common business purpose" encompasses activities whether performed by one person or by more than one person, or corporation, or other business organization, which are directed to the same business objective or to similar objectives in which the group has an interest.

Reich v. Bay, 23 F.3d 110 (5th Cir. 1994)

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

# INSTRUCTION NO. 16

## CALCULATION OF HOURLY PAY

Weekly salary. If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $ 350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $ 350 divided by 35 hours, or $ 10 an hour, and when the employee works overtime the employee is entitled to receive $ 10 for each of the first 40 hours and $ 15 (one and one-half times $ 10) for each hour thereafter. If an employee is hired at a salary of $ 375 for a 40-hour week the regular rate is $ 9.38 an hour.

29 C.F.R. 778.113(a).

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 17

## RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (1981); Baker et.al. v. Barnard Construction Co. et.al., 146 F.3d 1214 (10th Cir. 1998).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 18

## INSTRUCTION ON IMMIGRATION STATUS

Under the FLSA an employer still must pay an employee overtime wages regardless of such employee's citizenship or immigration/naturalization status.  Therefore, any testimony you may have heard regarding the Plaintiff's citizenship or immigration/naturalization status cannot be used in any manner to deny Plaintiff damages for overtime wages if you find that she was not paid overtime wages required by the FLSA.

Patel v. Quality Inn South, 846 F.2d 700 (11th Cir. 1988); Martinez v. Mecca Farms, Inc., 213 F.R.D. 601 (S.D. Fla. 2002).

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 19

## CORPORATE OFFICER "EMPLOYER"

A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.

Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir, 1886) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases)). *Accord* Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir.1984), cert. denied, 471 U.S. 1124, 105 S. Ct. 2654, 86 L. Ed. 2d 272 (1985).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## INSTRUCTION NO. 20

### ADDITIONAL INDIVIDUAL LIABILITY INSTRUCTION

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiffs for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.

Personal liability may arise from significant ownership interest coupled with operational control. Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.

29 U.S.C. § 203(d); Donovan v. Agnew, 712 F.2d 1509, 1514 (1st Cir. 1983); Hisman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2nd Cir. 1999) (quoting Donovan v. Janitorial Servs, Inc., 672 F.2d 528, 531 (5th Cir. 1982)). *See also* 5th Circuit Pattern Jury Instruction (Civil Cases) 2014, 11.27.

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

## JURY QUESTIONS

**Do you find from a preponderance of the evidence:**

## OVERTIME/STRAIGHT-TIME AND MINIMUM WAGES

1.  That the Defendant Kim C. Young a/k/a Young Chae Kim a/k/a Hyun Chae Kim d/b/a
    Wash & Press Coin Laundry a/k/a Wash N Press failed to pay any of the Plaintiff's
    wages in violation of the applicable law?

    Yes _____ No _____

    [Note:  If your answer is Yes, you need to determine the dollar amount of
    the unpaid overtime wages in the paragraphs below.]

## UNPAID OVERTIME DAMAGES

2.  That Plaintiff Erika Lopez should have been paid $_____ as the Plaintiff's overtime
    wages.

## UNPAID MINIMUM WAGE DAMAGES

3.  That Plaintiff Erika Lopez should have been paid $_____ as the Plaintiff's minimum
    wages.

## EMPLOYER STATUS

4.  That Defendant Kim C. Young a/k/a Young Chae Kim a/k/a Hyun Chae Kim d/b/a Wash
    & Press Coin Laundry a/k/a Wash N Press was Plaintiff's employer during the
    employment period relevant to this lawsuit within the meaning explained in the Jury
    Instructions.

    Yes _____ No _____

## <u>WILLFULNESS</u>

5.   That Defendant Kim C. Young a/k/a Young Chae Kim a/k/a Hyun Chae Kim d/b/a Wash & Press Coin Laundry a/k/a Wash N Press's failure to pay overtime was willful within the meaning explained in the Jury Instructions.

Yes _____ No _____

SO SAY WE ALL.

_____
JURY FOREPERSON

_____
DATE

Respectfully submitted,

By:   /s/ Joshua A. Petersen
       J.H. Zidell
       State Bar No. 24071840
       Email: zabogado@aol.com
       Robert L. Manteuffel
       State Bar No. 12957529
       Email: rlmanteuffel@sbcglobal.net
       Joshua A. Petersen
       State Bar No. 24085524
       Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 24th day of August, 2015.

/s/ Joshua A. Petersen
Joshua A. Petersen