## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ERIKA LOPEZ, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff,** | § § § § | |
| | § | **Cause No. 3:12-cv-04604-BK** |
| **v.** | § § | |
| **KIM C. YOUNG** *also known as* **YOUNG CHAE KIM** *also known as* **HYUN CHAE KIM** *doing business as* **WASH & PRESS COIN LAUNDRY** *also known as* **WASH N PRESS** **Defendant.** | § § § § § § | |

## PLAINTIFF'S PROPOSED PRETRIAL ORDER

Pursuant to the Court's Scheduling Order of November 10, 2014 (**DE 28**), Plaintiff Erika Lopez ("Plaintiff"), by and through her attorneys, respectfully submits the following Plaintiff's Proposed Pretrial Order:

1.   <u>**Summary of the Claims and Defenses of the Parties**</u>

**Plaintiff's Contentions:**

Plaintiff was employed by Defendant Kim C. Young a/k/a Young Chae Kim a/k/a Hyun Chae Kim d/b/a Wash & Press Coin Laundry a/k/a Wash N Press ("Defendant"). Defendant is Plaintiff's employer under the Fair Labor Standards Act.

Plaintiff has filed this action under the Fair Labor Standards Act seeking minimum wage compensation for all hours worked during her employment by Defendant as well as overtime compensation for hours worked in excess of 40 hours per workweek during her employment by the Defendant.  Plaintiff also seeks liquidated damages under

the Fair Labor Standards Act because the Defendant's nonpayment of minimum wage and overtime was not done in good faith.

Plaintiff also seeks recovery of her attorneys' fees incurred in pursuing this claim as well as costs of suit and interest at the maximum rate allowed by law under the Fair Labor Standards Act to be awarded by the Court post-trial.

**Defendant's Contentions:**

Counsel for Plaintiff has attempted to confer with counsel for Defendant regarding the filing of a joint pretrial order but has not received a response as of the time of this filing. Pursuant to the Court's Scheduling Order (**DE 28**), Plaintiff is submitting this proposed order today.  When counsel for Defendant provides his revisions, counsel for Plaintiff will submit a Joint Order as quickly thereafter as possible.

**2.    <u>Statement of Stipulated Facts</u>**

Plaintiff has proposed to Defendant that the parties stipulate to the following facts. Plaintiff has not yet received a response, but Plaintiff's list of contested issues of fact in paragraph three presumes that the parties will stipulate to these facts before trial.  If Defendant does not stipulate to any of these facts, Plaintiff will need to revise her list of contested issues of fact to reflect that.

1.    The relevant time period in this case is November 14, 2009 through November 14, 2012.

2.    Defendant was Plaintiff's employer as defined by the Fair Labor Standards Act.

3.    Defendant was subject to the Fair Labor Standards Act during the time the Plaintiff was employed by Defendant.

**3.** <u>**List of Contested Issues of Fact**</u>

The following are the key contested issues of fact:

*Plaintiff*:

1. Whether Defendant failed to pay Plaintiff her minimum wages as required under the FLSA and extent of Plaintiff's damages for unpaid minimum wages in gross.

2. Whether Defendant failed to pay Plaintiff her overtime wages as required under the FLSA and extent of Plaintiff's damages for unpaid overtime wages in gross.

3. Hours worked by Plaintiff.

4. Whether Defendant's actions towards Plaintiff were willful, intentional, and/or conducted with reckless disregard for the requirements of the Fair Labor Standards Act.


*Defendant*:

Counsel for Plaintiff has attempted to confer with counsel for Defendant regarding the filing of a joint pretrial order but has not received a response as of the time of this filing. Pursuant to the Court's Scheduling Order (**DE 28**), Plaintiff is submitting this proposed order today. When counsel for Defendant provides his revisions, counsel for Plaintiff will submit a Joint Order as quickly thereafter as possible.


**4.**    <u>**List of Contested Issues of Law**</u>

The following are the key contested issues of law:

*Plaintiff*:

1. Whether Plaintiff can establish the amount and extent of her unpaid overtime as required by the FLSA under the "just and reasonable" standard?

2. Whether Plaintiff can prove her overtime claim based on the standard announced in <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1946).

3.      Whether Plaintiff has performed work for which she was improperly compensated.

4.      Whether Defendant can introduce evidence on or issues associated with affirmative defenses that were not pled.

5.      Whether Plaintiff is entitled to liquidated damages (to be determined by the Court post-trial).

6.      Whether the Defendant's failure to file an answer to the First Amended Complaint constitutes an admission of the allegations contained therein.

*Defendant*:

Counsel for Plaintiff has attempted to confer with counsel for Defendant regarding the filing of a joint pretrial order but has not received a response as of the time of this filing. Pursuant to the Court's Scheduling Order (**DE 28**), Plaintiff is submitting this proposed order today.  When counsel for Defendant provides his revisions, counsel for Plaintiff will submit a Joint Order as quickly thereafter as possible.

**5.      Estimated Length of Trial**

Plaintiff:  The estimated length of trial is 2-3 days – jury trial.

Defendant:   Counsel for Plaintiff has attempted to confer with counsel for Defendant regarding the filing of a joint pretrial order but has not received a response as of the time of this filing.  Pursuant to the Court's Scheduling Order (**DE 28**), Plaintiff is submitting this proposed order today.   When counsel for Defendant provides his revisions, counsel for Plaintiff will submit a Joint Order as quickly thereafter as possible.

**List of Additional Matters that Might Aid in the Disposition of the Case**

**Plaintiff's Matters**

In the event that Plaintiff prevails on her overtime and/or minimum wage claims at jury trial, Plaintiff will file a post-trial motion for attorneys' fees and liquidated damages based on evidence adduced at trial.  It is Plaintiff's belief that it is the Court, and not the jury, that decides the imposition of attorneys' fees and liquidated damages pursuant to 29 U.S.C. § 216(b).

Furthermore, the undersigned firm observes the Jewish holidays and will be closed for Yom Kippur on September 23, 2015, Rosh Hashanah on September 14, 2015 and September 15, 2015, and Sukkot on September 28, 2015 and September 29, 2015.

**Defendant's Matters**

Counsel for Plaintiff has attempted to confer with counsel for Defendant regarding the filing of a joint pretrial order but has not received a response as of the time of this filing. Pursuant to the Court's Scheduling Order (**DE 28**), Plaintiff is submitting this proposed order today.  When counsel for Defendant provides his revisions, counsel for Plaintiff will submit a Joint Order as quickly thereafter as possible.

Respectfully submitted,

By:   /s/ Joshua A. Petersen
       J.H. Zidell
       State Bar No. 24071840
       Email: zabogado@aol.com
       Robert L. Manteuffel
       State Bar No. 12957529
       Email: rlmanteuffel@sbcglobal.net
       Joshua A. Petersen
       State Bar No. 24085524
       Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFF**

Signed this _____, day of _____, 2015.

_____
The Honorable Renee Harris Toliver
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service, or First Class Mail as noted below, in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 24th day of August, 2015.

/s/ Joshua A. Petersen
Joshua A. Petersen